UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIKING ENERGY OF TRAVERSE
CITY, LTD.,

       Plaintiff,                      Case No. 5:04-CV-69

v                                       Hon. Gordon J. Quist

RYAN ENERGY TECHNOLOGIES
U.S.A., INC.,

       Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION**
**TO ADD EXPERT WITNESS**

        Plaintiff has filed a motion to modify the Case Management Order (CMO) to add another expert to the list of four expert witnesses it has previously disclosed. Plaintiff states that to support its claim of breach of contract and negligence arising out of an oral contract in which the defendant agreed to drill and supervise the drilling of a directional well, plaintiff must present expert testimony regarding the proper requirements and standard of care for performing these operations, and for this reason needs an additional expert. Defendant opposes the motion.

        Plaintiff acknowledges that both the federal rules of civil procedure and the local rules of this court require a showing of "good cause" to amend the CMO. FRCP Rule 16(b); W.D.Mich. LCivR 16.1. The CMO itself imposes the same requirement. CMO, ¶ 4. Unfortunately, plaintiff provides no explanation, much less good cause, as to why it needs an additional expert to testify concerning the drilling requirements. Plaintiff was required to name its experts by May 25,

2005, approximately a year after the case had been filed. This motion was not filed until August 29, 2005. Since the case is over a year old, it must be presumed that plaintiff knew well before this motion was filed what type of evidence it would need to present to establish that defendant was negligent or in breach of contract regarding the drilling. (Indeed, the fact that plaintiff needs the "testimony of an <u>additional</u> expert witness" (emphasis added) "to present its case in chief regarding these issues [i.e. the proper requirements for drilling and the supervision of directional drilling at this site and the appropriate standard of care when performing these duties]" also suggests plaintiff already has an expert to provide this testimony. This would reinforce the conclusion plaintiff has known of the need for such a witness for some time.) Regardless, in neither of plaintiff's two briefs[1] has plaintiff offered any explanation as to <u>why</u> the need for an expert (or an additional expert) has only now been determined to be necessary. Reduced to its essentials, plaintiff's argument says nothing more than "I need a witness to present my case." Thus, the court is in no position to assess plaintiff's diligence or lack thereof. *See, Leary v Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) (a court choosing to modify the schedule upon a showing of good cause may do so only if the schedule cannot reasonably be met despite the diligence of the party seeking the extension); *Rose v Saginaw County,* 353 F.2d 900, 927 (E.D. Mich. 2005).

      In the absence of any showing of good cause to identify a new expert four months after the deadline, there is no need to address prejudice to defendant. It might easily be assumed, however, that once learning the identity and area of expertise of the new witness, defendant would

---

[1] Plaintiff has filed what amounts to a reply brief in support of its motion. *See* Plaintiff's Supplemental Brief in Support of Motion for Modification of the Case Management Order for the Limited Purpose of Amending the Expert Witness List, docket no. 53. While such briefs are not usually authorized for non-dispositive motions, the court has nevertheless considered it in this instance.

want or need the three months allotted to it under the CMO to obtain its own rebuttal expert and the written report of that expert. *See* CMO, ¶ 3. This, of course, would take defendant well past the discovery cutoff.

In the absence of any showing of good cause, the motion to amend the Case Management Order to add an additional expert (docket no. 43) is DENIED.

IT IS SO ORDERED.


Dated:  September 16, 2005         /s/ Hugh W. Brenneman, Jr.
                                   Hugh W. Brenneman, Jr.
                                   United States Magistrate Judge